ANTONSANTI v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan.

No. 6.—Decided June 21, 1905.

REFUSAL TO RECORD INSTRUMENT—CAUTIONARY NOTICE—EFFECT OF RECORD.—Notices which should be entered by registrars of property, when they refuse to record or enter any instrument by reason of incurable defects existing therein, are for the purpose of securing the right of the parties interested in the record or entry of the instrument for the term of 120 days during which such cautionary notices are effective and during which, should they present a new title or correct any defect which prevents the admission of the first instrument to record, they may record their right, such record having effect from the date of the entry of the cautionary notice.

ID.—CONVEYANCE OF REAL PROPERTY ENTERED BY REASON OF REFUSAL TO RECORD SAME.—The provisions of article 71 of the Mortgage Law are of general application to all cautionary notices, including those entered by reason of a refusal to record the instruments, and in virtue thereof where a property is sold, a cautionary notice whereof has been entered in favor of a prior purchaser, such entry cannot prevent the admission to record of a deed of sale subsequently made in favor of another person, nor can the record of this deed prejudice the rights created by the said entry in favor of the party first acquiring the real property.

STATEMENT OF THE CASE.

This is an appeal taken by Attorney Frank Antonsanti y Capo from a decision of the Registrar of Property of San

Juan, refusing to admit to record a deed of purchase and sale of a number of shares in the ownership of a rural estate.

By public deed executed in the town of Trujillo Alto, in the municipal district of Carolina, before Damian Monserrat, an attorney and notary of San Juan, on February 4th of the present year, Jose, Julio, Matias, Pedro, Ramon, Mateo, Isabel and Dolores Diaz y Aponte, brothers and sisters, sold to Attorney Frank Antonsanti y Capo, the half interest which they still held in the ownership in one-eleventh part each of a rural estate having an area of 144 *cuerdas,* situated in the *barrio* of Dos Bocas, in the jurisdiction of Trujillo Alto, in the municipal district of Carolina, for the price and sum of $1,000, which the vendors acknowledged having received prior thereto. Upon the presentation of a copy of this deed in the Registry of Property of San Juan for record, such record was refused by the registrar on the grounds set forth in the decision written at the end of said document, which reads as follows:

"The foregoing document is not admitted to record, for the reason that the registry shows that on February 24th last a cautionary notice was entered, to be effective for a period of 120 days, in favor of Clemente Fernandez y Barreto, of the sale of the estate referred to in this deed to him by Carmen Aponte, the predecessor in interest of the present vendors of part of said estate Diaz y Aponte, and, therefore, the record now sought cannot be made while said notice remains in effect; and in compliance with the law on appeals from decisions of registrars, a cautionary notice has been entered in favor of Frank Antonsanti, at folio 172, reverse side, volume 4, of Trujillo Alto, estate 146, duplicate, entry letter B, which will remain in effect during one hundred and twenty days from its date.—San Juan, Porto Rico, March 4, 1905. Jose Benedicto, Registrar."

The purchaser, Frank Antonsanti, not being conformable to the refusal of the registrar of property, requested the latter to forward the document to this Supreme Court for decision, which was done by the registrar by the proper letter of transmittal.

*Mr. Antonsanti* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

The only purpose of cautionary notices made by registrars of property when they refuse the record or entry of any document, on account of incurable defects therein, in accordance with the Act passed by the Legislative Assembly of this Island on May 1, 1902, on "Appeals from decisions of registrars of property," is to secure the rights of the persons interested in the record of entry of the document for the period of 120 days that it continues in effect, in order that if they are able to present a new deed within said period, or correct any obstacle which prevented the record of the previous one, they may record their rights, the effects of the record retroacting to the date of the cautionary notice.

As the Act of the Legislative Assembly referred to does not give any other effects to the cautionary notices in question, article 71 of the Mortgage Law in force must be applicable to them, as it is general for all notices of that character. According thereto "real property or property rights entered may be conveyed or encumbered; but without prejudice to the right of the person in whose favor the notice was entered." Consequently, applying this doctrine to this case, there can be no objection to the record of the deed of Frank Antonsanti, without prejudice to the rights of Clemente Fernandez in whose favor the first notice was entered.

In view of the provisions of the law cited, the decision of the Registrar of Property of San Juan placed at the end of the deed involved in this appeal is reversed, and it is held that the previous cautionary notice entered in favor of Clemente Fernandez is not an obstacle to the record of said deed as the record does not prejudice his rights; and it is ordered that the document presented be returned to the Registrar of Property of San Juan with a copy of this decision, for his information and other proper purposes.

Justices Hernandez, Figueras and MacLeary concurred.
Mr. Justice Wolf did not take part in the decision of this
case.